## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LARRY DAVIS,             )
                                    )
        Plaintiff,         )
                                    )
v.                          )        **Case No. 16-1315-EFM-GEB**
                                    )
LEANOR S. SALGADO,     )
                                    )
        Defendant.      )
                                    )

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion to Proceed without Prepayment of Fees (ECF No. 3).  After thoughtful consideration, and for reasons explained below, the undersigned U.S. Magistrate Judge recommends Plaintiff's motion be denied.

This Court is well aware of the provision of 28 U.S.C. § 1915(a) which gives the Court the discretion[1] to authorize the filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof."  However, despite the Court's awareness that Plaintiff appears to lack the resources to pay the filing fee (Affidavit, ECF No. 3, Ex. 1), his ability to proceed without payment of fees is not without limitation.

---

[1] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. April 23, 1999)).

"Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[2]  When a party seeks to proceed without payment of fees, the Court is required to screen the complaint.  Under 28 U.S.C. § 1915(e)(2), sua sponte dismissal of the case is required if the court determines that the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit.  The purpose of § 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[3]  After application of these standards, the undersigned Magistrate Judge issues the following report and recommendation of dismissal pursuant to 28 U.S.C. § 636(b)(1)(B).

## Background

Plaintiff files this action in an apparent attempt to recover damages and/or medical expenses stemming from injuries sustained after a neighbor's dog charged him on February 22, 2016, in their Wichita, Kansas neighborhood.  In his Civil Complaint, Plaintiff failed to complete the sections entitled "Statement of Claim," "Relief," and "Damages," so the exact nature of his allegations is unclear.  However, the Court gleans some detail from a Kansas Standard Offense Report from the Wichita Police Department

---

[2] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).
[3] *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

attached to the Complaint form.  The police report states Plaintiff was outside on the porch, trying to dial a number on his phone, when Leanor Salgado's pitbull charged at him.  Plaintiff reported he turned to run in his house and felt or heard something in his knee pop.  (ECF No. 1, at 7-9.)  According to the report, he was transported to Wesley Medical Center following the incident for knee pain. (ECF No. 1, at 9.)   Plaintiff included billing records from the Kansas Spine Specialty Hospital (ECF No. 1, at 11-14) with his Complaint and later submitted a supplement to his Complaint, consisting of billing statements from Wesley Medical Center. (ECF No. 5.)

## Analysis

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court shall dismiss the case at any time if the court determines the action fails to state a claim on which relief may be granted.  The sufficiency of the complaint is reviewed under the same standards as those used when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[4]  Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action."[5]  Because Plaintiff proceeds pro se, his pleadings must be liberally construed.[6]  However, Plaintiff still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[7] and the Court cannot "take on the responsibility

---

[4] *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).
[5] *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010) (citing Fed. R. Civ. P. 12(h)(3)) (emphasis added).
[6] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[7] *Id.*

of serving as his attorney in constructing arguments and searching the record."[8]  Plaintiff "must allege sufficient facts to state a claim which is plausible—rather than merely conceivable—on its face."[9]

As an initial consideration, it appears this Court lacks subject matter jurisdiction, or power to decide Plaintiff's claims.  Because "federal courts are of limited jurisdiction, they must have a statutory basis for their jurisdiction.[10]  Plaintiff did not complete the Jurisdiction section of the Complaint form, aside from noting both parties are citizens of the state of Kansas, and therefore provides no basis for federal question jurisdiction. Based on the addresses provided in the Complaint, it appears both parties are Kansas citizens, making diversity jurisdiction unavailable.  Plaintiff provides no other basis for the exercise of jurisdiction over what appears to be a state law personal injury or negligence claim.   Therefore, it is recommended that the Court dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

Even if the issue of subject matter jurisdiction were not dispositive, Plaintiff offers no plausible claim upon which this federal court could provide relief.  Plaintiff failed to provide any statement of his claim, and the documents attached to the Complaint demonstrate his claim is a dispute over his personal injuries.   The federal court is not the

---

[8] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005)).
[9] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[10] *See Perry v. Cowley County Cmty. Coll.*, No. 13-1425-JTM, 2013 WL 6804185, at *1 (D. Kan. Dec. 23, 2013) (discussing the two statutory bases for federal subject-matter jurisdiction: federal jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332) (citing *Nicodemus v. Union Pac. Corp.,* 318 F.3d 1231, 1235 (10th Cir.2003)).

proper forum for this state court claim.  A review of the Complaint confirms Plaintiff neither pleads "enough facts to state a claim to relief that is plausible on its face,"[11] nor presents a rational argument on the facts or law in support of his claim.[12]  It is therefore recommended that the Complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Complaint be dismissed with prejudice for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3) and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER RECOMMENDED** that, because Plaintiff's case is recommended for dismissal, Plaintiff's Motion to Proceed without Prepayment of Fees (**ECF No. 3**) be **DENIED**.  However, Plaintiff's obligation to pay the filing fee is suspended pending the review of this recommendation.

**IT IS FURTHER ORDERED** that a copy of this recommendation shall be mailed to Plaintiff by certified mail.  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation.  Failure to make a timely objection waives appellate review of both factual and legal questions.[13]

---

[11] *Fry v. Beezley*, 2010 WL 1371644, at *1 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[12] *Graham v. Sec'y of Health & Human Servs.,* 785 F.Supp. 145, 146 (citing *Dolence v. Flynn*, 628 F. 2d 1280, 1281 (10th Cir. 1980)).

[13] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 7th day of September 2016.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge